Filed 10/28/24  Federighi v. Adams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| VEDA FEDERIGHI,<br><br>          Plaintiff and Respondent,<br><br>LINDA LEAHY,<br><br>          Plaintiff and Appellant,<br><br>     v.<br><br>THERESE ADAMS,<br><br>          Defendant and Respondent. | C098637<br><br>(Super. Ct. No. SPR0010445) |

This is ostensibly an appeal from a trial court order granting respondent Veda Federighi's motion to quash and imposing $7,500 in sanctions on appellant Linda Leahy. Because Leahy has failed to demonstrate any error, we will affirm the order.

1

## I. DISCUSSION

Orders and judgments are presumed to be correct, and the appellant must affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The appellant must provide an adequate record to demonstrate error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Merely furnishing the record is not enough. The appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) When the appellant fails to do so, we may disregard the unsupported factual assertions. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) That relevant record citations may have been provided elsewhere in the brief, such as in the factual background, does not cure a failure to support specific legal arguments with citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) Furthermore, any arguments raised or only supported by authority on reply have been waived. (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)

The appellant must "[s]tate each point under a separate heading or subheading summarizing the point." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "This is not a mere technical requirement." (*In re S.C., supra*, 138 Cal.App.4th at p. 408.) It is designed so that we may be advised " 'of the exact question under consideration, instead of being

2

compelled to extricate it from the mass.' " (*Ibid*.) "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.) Leahy's opening brief contains no headings beyond "statement of the case," "statement of appealability," "statement of facts," "argument," and "conclusion."

Additionally, in violation of the rules of appellate procedure we have outlined, the argument portion of Leahy's opening brief contains no actual argument, citations to authority, or citations to the record. Rather, it represents: "Appellant has stated, in the Statement of Facts, the Appealability of the Case and the Statement of Facts, the entire argument, with the exception of the relief sought. Based upon the facts in the Clerk's Transcript, the Reporter's Transcript, available and missing, along with Appellants, appeal [*sic*], the case on appeal has been made." This is insufficient. The rules of appellate procedure apply to Leahy even though she is representing herself on appeal. (*Huang v. Hanks* (2018) 23 Cal.App.5th 179, 183, fn. 1; *McComber v. Wells, supra*, 72 Cal.App.4th at p. 523.)

To the extent we have extricated a question imbedded in Leahy's recitation of the factual background and statement regarding appealability, Leahy failed to adequately raise and support this issue anywhere in her opening brief. Leahy suggests she was denied accommodation but cites no request for one. (See Cal. Rules of Court, rule 1.100(c).) She has failed to demonstrate any error on the part of the trial court.

## II. DISPOSITION

The order is affirmed. Veda Federighi shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____
RENNER, J.

We concur:

/S/

_____
MAURO, Acting P. J.

/S/

_____
FEINBERG, J.

4